IN THE OREGON TAX COURT


Robert K. and Jan L. MARTIN
*v.*
DEPARTMENT OF REVENUE
(TC 2752)

Robert K. Martin appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 30, 1989.

**CARL N. BYERS, Judge.**

Plaintiffs appealed to defendant from an audit of their 1981 income tax return. Defendant found plaintiffs' appeal untimely and refused to consider their case on the merits. Plaintiffs then appealed to this court.

The evidence submitted at trial indicated that early in 1984 defendant audited plaintiffs' 1981 and 1982 tax returns. The auditor compared deposits made to plaintiffs' personal bank account with plaintiffs' reported income. As a result of that audit, defendant concluded that plaintiffs had understated their 1981 taxable income. The audit report reflects omitted income in excess of $35,000 and total adjustments in excess of $52,000. It is at this point that the question arises of whether plaintiffs protected their right of appeal. Plaintiff, Robert K. Martin, testified that he wrote a letter of protest but defendant denies ever receiving the letter. Defendant issued its Notice of Deficiency on May 15, 1984. That

notice expressly gave plaintiffs 30 days to protest. It also indicated that if they would like a conference they should request it in writing. Plaintiffs did write a letter in July 1984, but that letter did not protest the notice of deficiency or seek a conference. Rather, it sought assistance from defendant in claiming a net operating loss incurred by plaintiffs in their business. Consequently, on September 24, 1984, defendant issued its Notice of Assessment. Plaintiffs maintain that they wrote a second letter in October of 1984. This letter also was not received by defendant.

Plaintiffs filed an amended 1981 income tax return on March 15, 1985. The amended return reflected a large net operating loss plaintiffs claimed in 1984. In response to this amended return, defendant audited plaintiffs' 1983 and 1984 income tax returns. Defendant found plaintiffs' calculations of their net operating loss in error and, by report dated April 25, 1986, allowed only a small part of that claimed net operating loss. Plaintiffs do not dispute defendant's calculation of the net operating loss. However, it appears that this second audit and calculation contributed to plaintiffs' confusion. Plaintiffs, on January 23, 1987, finally appealed the 1981 assessment to defendant. Defendant denied that appeal on the grounds that it was too late and defendant had no jurisdiction.

■ The statute places the burden of proof on the plaintiffs to prove their claim by a preponderance of the evidence. ORS 305.427. Plaintiffs have failed to do so. Plaintiffs' evidence of mailing a letter of protest or appeal is both inadequate and inconclusive. A taxpayer may not retain a copy of a letter of protest sent to defendant, but plaintiff Robert Martin was uncertain as to the date and contents of the letter he claims to have sent. In fact, he candidly admitted that he could be mistaken. He testified that when he received the notice of deficiency from defendant he was "terrified." His testimony indicated that he showed greater concern with regard to the proceedings between plaintiffs and the Internal Revenue Service than for the proceedings between plaintiffs and defendant. For example, he testified that he "worked harder" with the Internal Revenue Service. Also, he introduced no evidence of the settlement with the Internal Revenue Service and was

unable to explain at what level or on what basis it was resolved.[1]

In contrast, defendant had three witnesses, the auditor, the auditor's supervisor and the Manager of the Appeals Section. All three testified that no letter of protest or appeal was received from plaintiffs. The testimony of these witnesses and the records of defendant introduced as evidence tends to establish that plaintiffs were confused, unorganized and had not contested many of the defendant's conclusions.

■ This is another case where the taxpayers seek a "practical" solution without complying with the "technical" conditions that would permit the solution. This occurs with such regularity as to make one wonder if taxpayers read the information furnished them or, if they read it, whether they realize the significance of the instructions. By the time such cases get to this court, it is almost impossible to distinguish true confusion from real collusion. Taxpayers cannot expect to be rescued from the consequences of their own inattention or lack of concern.

Based upon the above, defendant's Opinion and Order must be sustained. Judgment will be entered accordingly. Costs to neither party.

---

[1] If the Internal Revenue Service settled plaintiffs' claim without audit and contrary to the Department of Revenue report on which it was based, the court has to question the validity of any such settlement.